**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

BRYON JEQUAN RICHARDS,

Petitioner,

v. Case No. 5:25-cv-95-MTT-AGH

STATE OF GEORGIA,

Respondent.[1]

## ORDER

Petitioner Bryon Jequan Richards filed a pleading that was docketed as a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). Although Petitioner labeled the filing as a "civil claim complaint," it appears that he is attempting to seek habeas corpus relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254. Therefore, Petitioner is **ORDERED** to clarify the type of relief that he is seeking by filing a petition for a writ of habeas corpus. Additionally, Petitioner is **ORDERED** to either pay the filing fee for his petition or move for leave to proceed *in forma pauperis* ("IFP"). Finally, the Court **DENIES** Petitioner's motion to appoint counsel (ECF No. 2).

I. Petitioner Must Recast His Petition.

In his pleading, Petitioner appears to be challenging his current detention or

[1] Because Petitioner labeled his pleading as a civil complaint, it was docketed as a 42 U.S.C. § 1983 action, and the parties were designated as Plaintiff and Defendant. As discussed, the pleading is properly construed as a petition for a writ of habeas corpus, and thus, the parties should be designated as Petitioner and Respondent. The clerk is **DIRECTED** to update the docket accordingly.

incarceration—he states that he never received any documentation or court dates and asserts that he is being falsely imprisoned. Compl. 1, ECF No. 1; Compl. Ex. 2, at 1, ECF No. 1-2. He also asks for "dismissal of all charges [and] probation cases against Petitioner." Compl. Ex. 2, at 1. In his motion to appoint counsel, Petitioner claims that he has been imprisoned on "false probation warrants." Mot. to Appoint Counsel, ECF No. 2. Petitioner, however, provides no other information regarding where he is currently in custody or whether he is being held based on a state court conviction or on some other basis. *See generally* Compl.

Petitioner also included two addresses in his motion to appoint counsel. Mot. to Appoint Counsel. However, both of these addresses appear to be private residences. Thus, they do not provide any additional information as to Plaintiff's current custody status. Further, an order of the Court sent to Petitioner at Wilcox State Prison was returned bearing a notation that Petitioner was released. Mail Returned, ECF No. 4.

A writ of habeas corpus is a state prisoner's sole federal remedy when he "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment."[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

---

[2] If Petitioner wants to proceed with a habeas corpus petition, he should be aware that he must have exhausted his state court remedies before he will be able to proceed with a federal habeas corpus petition, and that the filing of this petition may subject any subsequent petition attacking his state conviction or sentence to the restrictive conditions that federal law imposes on second or successive habeas petitions. *See* 28 U.S.C. § 2244(b); *see also Castro v. United States*, 540 U.S. 375, 382-83 (2003).

Consequently, Petitioner is **ORDERED** to recast his pleading on a habeas corpus form if he seeks to challenge the fact or duration of his incarceration. If Petitioner is currently incarcerated pursuant to a state court conviction and sentence, he should file a 28 U.S.C. § 2254 petition. *See Medberry v. Crosby*, 352 F.3d 1049, 1062 (11th Cir. 2003) (explaining that, when "a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254 (quoting 28 U.S.C. § 2254(a))). If Petitioner is currently in custody on some basis other than a state court judgment, he should file a 28 U.S.C. § 2241 petition. *See id.* (holding that the petition of a prisoner who is in custody "pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, . . . is not subject to § 2254").

## II. Petitioner Must Pay the Filing Fee or Move to Proceed IFP.

Petitioner has not paid the filing fee or moved for leave to proceed in this action IFP. Therefore, he is also **ORDERED** to either pay the $5.00 filing fee for a habeas corpus petition or file a properly completed motion to proceed IFP. Petitioner must complete the entire *in forma pauperis* application by filling out the motion and declaration as well as submitting "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

## III. Petitioner's Motion to Appoint Counsel is Denied.

Petitioner filed a motion to appoint counsel (ECF No. 2). In the motion, Petitioner asserts that he has been falsely imprisoned, but he does not make any

argument as to why he believes counsel should be appointed in this case. *See id.* Generally, there is no right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel is only required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rs. 6(a), 8(c) of Rules Governing § 2254 Cases. Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g.*, *McFarland v. Scott*, 512 U.S. 849, 854 (1994). At this stage of the proceeding, the Court is not yet able to determine whether counsel needs to be appointed in this case.

Therefore, Petitioner's motion to appoint counsel (ECF No. 6) is **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, on its own motion, will consider assisting him in securing legal counsel. There is no need for Petitioner to file additional requests for counsel.

## CONCLUSION

For the reasons discussed above, Petitioner is **ORDERED** to file a habeas corpus petition under either 28 U.S.C. § 2241 or § 2254, depending on the basis for his custody. Additionally, Petitioner is **ORDERED** to either pay the $5.00 filing fee for a habeas petition or move for leave to proceed in this action IFP. Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to file his recast pleading and either pay the filing fee or file a motion to proceed IFP. Additionally, while this

case is pending, Petitioner must promptly notify the Court in writing as to any change in his mailing address. Petitioner's failure to fully and timely comply with this Order may result in the dismissal of this case.

The Clerk is **DIRECTED** to send Petitioner the forms for a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and § 2254 and the forms he needs to file a motion to proceed IFP (with the case number showing on all).[3] There shall be no service in this case pending further order of the Court.

**SO ORDERED**, this 23rd day of April, 2025.

s/ *Amelia G. Helmick*
UNITED STATES MAGISTRATE JUDGE

[3] Petitioner's address is listed on the docket as Wilcox State Prison. However, as previously noted, mail returned to the Court indicates that he was released, and a review of the Georgia Department of Corrections Find an Offender Search shows that Petitioner was released from Wilcox State Prison in 2023 and is currently inactive within the Georgia Department of Corrections system. *See* Georgia Dep't of Corr., Find an Offender, http://www.dcor.state.ga.us/GDC/Offender/Query, Query "Richards, Bryon Jequan" (showing actual release date as June 3, 2023, and current status as inactive) (last visited April 21, 2025). Petitioner included two addresses in the top right corner of his motion to appoint counsel (ECF No. 2). Out of an abundance of caution, the Clerk is **DIRECTED** to mail the required documents to Petitioner at both of these addresses.