## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

BRYON JEQUAN RICHARDS,   :
           :
    **Petitioner,**  :
           :
    **V.**     :  **NO. 5:25-cv-00095-MTT-AGH**
           :
**STATE OF GEORGIA,**    :
           :
    **Respondent.** :
           :
_____:

## <u>ORDER OF DISMISSAL</u>

Petitioner Bryon Jequan Richards filed a pleading that was docketed in this Court as a 42 U.S.C. § 1983 civil rights complaint.   ECF No. 1.   Petitioner also filed a motion for appointment of counsel.   ECF No. 2.   Petitioner's pleading was not on any of the Court's forms, and although Petitioner labeled the filing as a "civil claim complaint," it appeared that he was attempting to seek habeas corpus relief under either 28 U.S.C. § 2241 or 28 U.S.C. § 2254.

Therefore, Petitioner was ordered to clarify the type of relief he was seeking by filing a petition for a writ of habeas corpus.   ECF No. 5.   Additionally, Petitioner was ordered to either pay the filing fee for his petition or move for leave to proceed *in forma pauperis* ("IFP").   *Id.*   Finally, Petitioner's motion for appointment of counsel was denied.   *Id.*

Petitioner was given fourteen days to file his petition for a writ of habeas corpus and either pay the filing fee or move for leave to proceed IFP.   *Id.*   He was also cautioned that his failure to comply with the Court's order may result in the dismissal of this case.   *Id.*

More than fourteen days passed after that order was entered, and Petitioner did not file a new petition, pay the filing fee, move for leave to proceed IFP, or otherwise respond to the Court's order.

As a result, Petitioner was ordered to show cause to the Court why this case should not be dismissed based on his failure to file a habeas corpus petition and either pay the filing fee or move for leave to proceed IFP as he was ordered to do. ECF No. 8. Petitioner was given fourteen days to file his response and was cautioned that his failure to do so would likely result in the dismissal of this case. *Id.*

More than fourteen days have now passed since the show cause order was entered, and Petitioner has not responded to that order. Therefore, because Petitioner has failed to respond to the Court's orders and has otherwise failed to prosecute this case, it is hereby **ORDERED** that this action be **DISMISSED WITHOUT PREJUDICE**.[1] *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The [C]ourt may dismiss an action sua sponte under Rule 41(b) for failure to prosecute or failure to obey a court order.").

---

[1]Based on Petitioner's filings, it is not entirely clear where he is currently located, although it seems that he may be detained in the Baldwin County Jail. Out of an abundance of caution, the Magistrate Judge directed the Clerk to send the order to show cause and certain other documents to Petitioner at the Baldwin County Jail, Wilcox State Prison, and two addresses listed at the top of Petitioner's motion to appoint counsel. *See* ECF No. 8 at 2 n.1. The Magistrate Judge also instructed Petitioner to inform the Court of a single mailing address for the Court to use in future communications and to promptly inform the Court in writing as to any change in that address. *Id.* The order to show cause and other documents have not been returned to this Court as undeliverable. Because it is unclear which is the proper address for Petitioner, the Clerk is **DIRECTED** to mail Petitioner's service copy of this order to Petitioner at the Baldwin County Jail, Wilcox State Prison, and both of the addresses listed at the top of Petitioner's motion to appoint counsel.

**SO ORDERED**, this 22nd day of July, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT